## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-03253 |
| | ) | |
| **ROSS WILSON TRUCKING; TRANSPORT SERVICES OF SULLIVAN, IL, LLC; MARK J. MUNCY; STEVAN SCHMELZER; And SHELLY SCHMELZER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on the Motion to Dismiss or, in the Alternative, to Transfer Action (d/e 29) filed by Defendants Stevan and Shelly Schmelzer.  The Motion is DENIED.  Venue is proper in the Central District of Illinois, and the Schmelzers have failed to show that transfer to the Southern District of Illinois is clearly more convenient or in the interest of justice.

# I. BACKGROUND

In September 2016, Plaintiff Great West Casualty Company filed a Complaint for Declaratory Judgment (d/e 1) against Defendants Transport Services of Sullivan, IL, LLC (Transport Services), Ross Wilson Trucking, Mark J. Muncy, and the Schmelzers.  Plaintiff seeks a declaration that Plaintiff has no duty to defend or indemnify Transport Services, Ross Wilson Trucking, or Muncy for an underlying motor vehicle accident at issue in <u>Stevan Schmelzer and Shelly Schmelzer v. Mark J. Muncy, Ross Wilson Trucking, Inc., and Transport Services of Sullivan, IL, LLC</u>, United States District Court for the Southern District of Illinois, Case No. 3:16-CV-0290 (the Underlying Lawsuit).

The complaint in the Underlying Lawsuit alleges that Defendant Muncy was an agent, servant, or employee of Defendant Ross Wilson Trucking and Transport Services.  <u>See</u> Compl., Ex. 1, Am. Compl. for Bodily Injury (d/e 1-2).  On January 14, 2016, while acting in the scope of his agency or employment, Muncy operated a 2012 Peterbilt semi-tractor owned by Ross Wilson Trucking on

Route 130 in Richland County, Illinois.[1]  Muncy was towing a semi

tanker trailer that was owned by Transport Services.  Muncy

attempted to back his semi-tractor and trailer from Route 130 into

a private drive and did so in a fashion that the tanker trailer was

completely blocking the southbound lane of the roadway.  Stevan

Schmelzer was operating a vehicle on Route 130 and collided with

the semi tanker trailer.  The Schmelzer alleges that Muncy was

negligent and his negligence caused injury and damage to the

Schmelzers.

Plaintiff's Complaint in the instant action alleges that

Transport Services was a party to a contract between Ross Wilson

Trucking and Transport Services.  Compl. ¶ 13; see also Ex. 2,

Independent Contractor Agreement For Owner-Operator (d/e 1-3).

The Independent Contractor Agreement provided that Ross Wilson

Trucking would lease to Transport Services certain motor vehicle

equipment together with operating personnel.  Compl., Ex. 2, at 1,

¶ 1.  The Agreement also contained a provision requiring Ross

---

[1] Richland County is located within the Southern District of Illinois. See
Jurisdictional Map available at http://www.ilsb.uscourts.gov/southern-
district-illinois-case-assignment-map (last visited February 21, 2017).

Wilson Trucking to carry certain insurance coverage, including commercial automobile coverage.  Id.  at 4 ¶ 7G; ¶ 8A.

Plaintiff issued a Non-Trucking Use Policy of Commercial Auto Insurance to the "Independent Contractors of Transport Services of Sullivan, IL, LLC," for the policy period November 1, 2015 to November 1, 2016.  Compl. ¶ 16; Ex. 3, Policy (d/e 1-4) (showing an address for the insured in Sullivan, Illinois).  Transport Services, Ross Wilson Trucking, and Muncy have requested that Plaintiff defend and indemnify them in the Underlying Lawsuit.  Compl. ¶ 22.  Plaintiff denies that it has any obligation to defend or indemnify.  Plaintiff asserts that (1) the subject loss falls outside the non-trucking coverage grant; (2) the subject loss is an excluded trucking loss; (3) Transport Services is not an insured; and (4) Transport Services is not entitled to supplemental payments toward its defense.

All of the Defendants have answered the Complaint and raised affirmative defenses.  See d/e 30, 32.  On January 13, 2017, the Schmelzers filed their Motion to Dismiss or, in the Alternative, to Transfer Action.

## II. JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (requiring complete diversity and an amount in controversy in excess of $75,000 exclusive of interest and costs).  Based on the allegations in the complaint and other documents, complete diversity exists between Plaintiff and Defendants.  Howell v. Tribune Entm't Co., 106 F. 3d 215, 217 (7th Cir. 1997) (complete diversity requires that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen.").

Specifically, Plaintiff is a Nebraska corporation with its principal place of business in South Sioux City, Nebraska.  Compl. ¶ 2.  Defendant Transport Services of Sullivan IL, LLC, is an Illinois limited liability company with its principal place of business in Sullivan, Illinois.  Id. ¶ 3.  The individual members of Transport Services are Jon C. England and Roger L. Bragg, both citizens of Sullivan, Illinois.  Id.  Defendant Ross Wilson Trucking is a corporation organized under the laws of Illinois with its principal place of business in Shelby County, Illinois.  Id. at 4.  Defendant Mark J. Muncy is a citizen of Richland County, Illinois.  Id. at 5.

Although the Complaint only identifies the residence (as opposed to citizenship) of Defendants Stevan and Shelly Schmelzer, the Schmelzers admit in their Brief in support of the Motion that they are citizens of Kentucky.  <u>See</u> Brief at 2-3 (d/e 29-1); <u>see also</u> Compl. Ex. 1, Am. Compl. For Bodily Injury in the Underlying Action (d/e 1-2) (alleging that the Schmelzers are citizens of Kentucky); <u>see also</u> <u>Meyerson v. Harrah's E. Chi. Casino</u>, 299 F.3d 616, 617 (7th Cir. 2002) (noting that "residence and citizenship are not synonyms" and citizenship is what matters for diversity jurisdiction).

The amount-in-controversy requirement is also satisfied.  In a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation."  <u>Hunt v. Wash. State Apple Ad. Comm'n</u>, 432 U.S. 333, 347 (1977).  The object of the litigation is the pecuniary result that would flow to the plaintiff or the defendant from the court granting the declaratory judgment.  <u>Am.'s MoneyLine, Inc. v. Coleman</u>, 360 F.3d 782, 786 (7th Cir. 2004).  In this case, the value of the underlying lawsuit and the cost of defending the underlying lawsuit count toward the jurisdictional amount.  <u>See</u> <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441

F.3d 536, 539 (7th Cir. 2006); <u>Midland Mgmt. Co. v. Am. Alt. Ins.
Corp.</u>, No. 15 C 6203, 2015 WL 9582987, at *4 (N.D. Ill. Dec. 31,
2015).

The Court finds that the amount in controversy exceeds
$75,000.  In the underlying lawsuit, the Schmelzers seek in excess
of $75,000 for damages that include traumatic brain injury,
multiple facial fractures, and loss of income for Stevan Schmelzer
and loss of consortium for Shelly Schmelzer.  Defense costs will also
likely be substantial.  Therefore, the Court finds the amount-in-
controversy requirement satisfied.  <u>See</u> <u>Back Doctors Ltd. v. Metro.
Prop. & Cas. Ins. Co.</u>, 637 F.3d 827, 830 (7th Cir. 2011) (noting
that "unless recovery of an amount exceeding the jurisdictional
minimum is legally impossible, the case belongs in federal court").

Because the parties are diverse and the amount in controversy
exceeds $75,000, this Court has jurisdiction.

### III. ANALYSIS

The Schmelzers move to dismiss this action for improper
venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the
alternative, transfer to the United States District Court for the

Southern District of Illinois pursuant to 28 U.S.C. §1404(a), 28

U.S.C. § 1406(a), or 28 U.S.C. § 1631.

**A.   Plaintiff's Motion to Dismiss for Improper Venue is Denied Because Venue is Proper in the Central District of Illinois**

On a motion to dismiss for improper venue under Rule12(b)(3),

the court assumes the truth of the allegations in the plaintiff's

complaint unless those allegations are contradicted by the

defendant's affidavits.  <u>Deb v. SIRVA, Inc.</u>, 832 F.3d 800, 809 (7th

Cir. 2016).  The court may also look beyond the allegations of the

complaint.  <u>Id.</u>  If venue is improper, the district court may either

dismiss the suit or, in the interest of justice, transfer the suit to any

district or division in which the suit could have been brought.  28

U.S.C. § 1406(a).

Pursuant to the federal venue statute, a civil action may be

brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

(3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "Venue may be proper in more than one court."  <u>Armstrong v. LaSalle Bank Nat'l Ass'n</u>, 552 F.3d 613, 617 (7th Cir. 2009).

In this case, subsection (b)(1) does not apply because all of the defendants are not residents of Illinois.  Subsection (b)(3) does not apply because there is a district in which venue is proper.  Therefore, venue will be proper in a district in which a substantial part of the events or omissions giving rise to the claim occurred.

The Schmelzers assert that venue is improper in the Central District of Illinois because issuance of the insurance policy in this district is not a substantial part of the event giving rise to the claim.  Plaintiff asserts that venue is proper because the policy was negotiated, issued, and delivered in the Central District of Illinois and the business relationship between the independent contractors to Transport Services and Transport Services is centered in this district.  Resp. at 5 (d/e 31).

The Court agrees with Plaintiff.  As noted above, venue may be proper in more than one district.  While venue is proper in the Southern District of Illinois based on the facts that the Southern District is where the underlying tort occurred and the Underlying Lawsuit is pending there, venue is also proper in this district.

A reasonable inference can be drawn from the Complaint that the policy was procured by either Transport Services or Ross Wilson Trucking, both of whom are located in the Central District of Illinois.[2]  Moreover, Plaintiff represents that the policy was negotiated, issued, and delivered in the Central District (Resp. at 5), and the Schmelzers do not appear to dispute that the policy was issued in the Central District.  See Brief at 9 (arguing that the issuance of a policy in a certain jurisdiction is not an event giving rise to the dispute).  The resolution of this lawsuit will require an interpretation of the policy.  Therefore, venue is proper in the Central District, and the Schmelzers' Motion to Dismiss for improper venue is denied.  See Scottsdale Ins. Co. v. PMG Indus.,

---

[2] Transport Services and its individual members are located in Sullivan, Illinois, which is in Moultrie County.  Moultrie County is located in the Central District of Illinois, Urbana Division.  Ross Wilson Trucking maintains its principal place of business in Shelby County, Illinois, which is located in the Central District of Illinois, Springfield Division.  CDIL-LR 40.1.

LLC, No. 2:16-CF-373-RLM-PRC, 2016 WL 7228796, at *3 (N.D.
Ind. Dec. 14, 2016) (venue for declaratory judgment action seeking
a declaration that the plaintiff had no duty to defend or indemnify
the defendant was proper in the district where the insurance policy
at issue was "negotiated, drafted, and entered into"); see also
Malveaux v. Christian Bros. Servs., 753 F. Supp. 2d 35, 39 (D.D.C.
2010) (recognizing the different approaches to venue in insurance
coverage actions and concluding that venue was proper where the
insurance company contracted to insure the individual but finding
it was possible that venue would be proper either where the
underlying event for which coverage is sought occurred or where
the contract was negotiated or executed, where it was to be
performed, or where the alleged breach occurred).

    The Schmelzers also seek dismissal based on the so-called
"first-to-file" rule, which generally favors the forum of the first-filed
suit.  Under the first-to-file rule, a district court may, for purposes
of judicial administration, dismiss a suit when it is duplicative of a
parallel action that is already pending in another federal court.  See
Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993)
(involving two nearly identical lawsuits filed by the same plaintiff);

Starin Mkt., Inc. v. Swift Distrib., Inc., No. 2:16-CV-67-TLS-JEM,

2017 WL 218663, at *2 (N.D. Ind. Jan. 19, 2017) (noting that a

district court can stay or transfer a duplicative suit).

A suit is generally considered duplicative if it involves the same

claims, parties, and available relief.  Serlin, 3 F.3d at 223.

       The Seventh Circuit "does not rigidly adhere to a 'first-to-file'

rule."  Trippe Mfg. Co. v. Am. Power Conversion Corp., 46 F.3d 624,

629 (7th Cir. 1995).  For example, where one case involves a

declaratory judgment action and the other case is a "mirror-image

action seeking coercive relief," the Seventh Circuit generally gives

priority to the coercive action, regardless of which case was filed

first.  Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,

626 F.3d 973, 980 (7th Cir. 2010); see also Schwartz v. Nat'l Van

Lines, Inc., 317 F. Supp.2d 829, 833 (N.D. Ill. 2004) (noting that

courts refuse to enforce the first-to-file rule where forum shopping

motivated the filing of the first suit or the first suit was filed after

threat of an imminent suit and asserts a mirror-image of the

threatened suit).

       Here, the first-to-file rule is inapplicable.  This lawsuit is not

duplicative of the Underlying Lawsuit.  The Underlying Lawsuit

seeks a determination that Muncy, Transport Services, and Ross Wilson Trucking are all liable to the Schmelzers for Muncy's alleged negligence and for damages in excess of $75,000.  Plaintiff is not a party to the Underlying Lawsuit.  The instant lawsuit seeks a determination that Plaintiff has no duty to defend or indemnify Muncy, Transport Services, and Ross Wilson Trucking for the Underlying Lawsuit.  The suits do not involve the same claims or all of the same parties, and the available relief is different.  Therefore, the Court will not dismiss this lawsuit under the first-to-file rule.

## B.   Transfer to the Southern District is Not Warranted

The Schmelzers also assert that, should the Court find venue in this district proper, the Court should nonetheless transfer this suit to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides the circumstances under which a court may transfer a civil action to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  To warrant transfer, the moving party must show that (1) venue is proper in the current district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and will serve the interest of justice.  College Craft Cos., Ltd. v. Perry, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995); see also Gueorguiev v. Max Rave, LLC, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007).  The moving party bears the burden of proving the transferee district is more convenient.  Gueorguiev, 526 F. Supp. 2d at 857.  Whether to transfer a case under § 1404(a) is within the court's discretion. Research Automation., 626 F.3d at 977-78 (noting that "we grant a substantial degree of deference to the district court in deciding whether transfer is appropriate").

The parties do not dispute that venue and jurisdiction are proper in the Southern District of Illinois.  And, as the Court just found, venue is proper in the Central District of Illinois. Consequently, the Court need only address whether the transfer will serve the convenience of the parties and witnesses and is in the interest of justice.

3:16-cv-03253-SEM-TSH  # 33  Page 15 of 21

1. <u>Transfer is not Warranted for the Convenience of the Parties and Witnesses</u>

When considering the convenience factor, the Court considers the following factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to evidence; (4) the convenience of the parties; and (5) the convenience of the witnesses. <u>See</u> <u>Body Sci. LLC v. Boston Scientific Corp.</u>, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012) (citing <u>Research Automation, Inc.</u>, 626 F.3d at 978).

The plaintiff's choice of forum is generally accorded substantial weight but is entitled to less deference when the forum is not the plaintiff's home forum or lacks significant contact with the litigation. <u>Plotkin v. IP Axess, Inc.</u>, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). The Central District of Illinois is not Plaintiff's home forum. Plaintiff is a Nebraska corporation with its principal place of business in South Sioux City, Nebraska. Therefore, this factor weighs slightly in favor of denying the transfer. <u>See</u> <u>First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.</u>, No. 04 C 2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004) (affording this factor "less deference" where the Northern District of Illinois was

not the plaintiff's home forum and the plaintiff did not have

meaningful contacts within the state).

As for the situs of material events, that factor is neutral.  The

accident occurred in the Southern District, but Plaintiff asserts that

that the insurance policy at issue in this lawsuit was negotiated,

issued, and delivered in the Central District.

The third factor, relative ease of access to evidence, is neutral.

Plaintiff states that the corporate books and records of Transport

Services and Ross Wilson Trucking are located in the Central

District.  While some of the documents are maintained in the

Central District of Illinois (and some are likely maintained in

Nebraska), neither party suggests the files and records are so

voluminous that they cannot be easily transferred from one district

to the other.  Therefore, based on this factor, the Southern District

and the Central District are equally convenient.  Great W. Cas, Co.

v. DeKeyser Express, Inc. No. 05 C 2681, 2005 WL 2861074, at *4

(N.D. Ill. Oct. 31, 2005) (where there was no suggestion that the

files and records could not be easily transferred from one district to

another, both districts were equally convenient as it related to the

relative ease of access to sources of proof).

The convenience-of-the-parties factor is also neutral.
Transferring the case to the Southern District of Illinois would
merely shift the inconvenience from one set of parties to another.
While the Southern District would be more convenient for the
Schmelzers (who live in Kentucky) and Muncy (who lives in the
Southern District of Illinois), the Central District is more convenient
for Transport Services and Ross Wilson Trucking.  Plaintiff is
inconvenienced in either district.  Therefore, this factor is neutral.
See, e.g., Gueorguiev, 526 F. Supp. 2d at 857 ("The burden is on
the moving party to demonstrate that the balance of the factors
weighs heavily in favor of transfer and that transfer would not
merely shift inconvenience from one party to another.").

The convenience-of-the-witnesses factor is also neutral.  The
Schmelzers bear the burden of establishing the witnesses they
would call, their testimony, and the importance of their testimony.
Rohde v. Central R.R. of Ind., 951 F. Supp. 746, 748 (1997); Rosen
v. Spirit Airlines, Inc., 152 F. Supp. 3d 1055, 1061 (N.D. Ill. 2015)
(the moving party must "provide specific information about the
witness testimony").  The Court should also consider whether the
nonparty witnesses can be subpoenaed to testify from the forum.

Rohde, 951 F. Supp. at 748.  The Schmelzers did not provide such
information, asserting only that "a majority of the evidence and
witnesses are located in the Southern District of Illinois."  Brief at
11.  Consequently, the Court cannot determine that this factor
favors the Southern District of Illinois.  Moreover, declaratory
actions involving a duty to defend generally involve only questions
of law and are frequently resolved by summary judgment and not
trial.  See, e.g., Starr Indemnity & Liab. Co. v. Boys & Girls Club of
Carbondale, No. 11-cv-0858-MJR-PMF, 2012 WL 5843159, at *2
(S.D. Ill. Nov. 19, 2012) (noting that in a declaratory action, the
court generally compares the allegations in the underlying
complaint and the relevant provisions in the insurance policy, citing
Illinois law).  In addition, this Court regularly uses
videoconferencing to avoid the cost of travel for parties, witnesses,
and attorneys, even for purposes of trial.  Given the lack of
information provided by the Schmelzers and the fact that any
potential witnesses can testify by videoconference, the Court finds
this factor is neutral.

Considering the convenience of the parties and the witnesses,
the Court finds that the inconvenience in both forums is

comparable.  In such case, "the tie is awarded to the plaintiff[.]" In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003) ("When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff[.]").

      2.   Transfer Would Not Serve the Interest of Justice

Whether transfer would serve the interest of justice requires the Court to consider the following factors: (1) the "docket congestion and likely speed to trial" in each forum; (2) "each court's relative familiarity with the relevant law;" (3) "the respective desirability of resolving controversies in each locale;" and (4) "the relationship of each community to the controversy." Research Automation, 626 F.3d at 978.  The Schmelzers do not specifically address these factors.

The docket congestion and likely speed to trial factor only slightly favors the Central District.  According to the U.S. District Courts Federal Management Statistics[3] for districts within the

---

[3] See http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2016  (last visited February 21, 2017).

Seventh Circuit for the 12-month period ending September 30, 2016, the number of civil and criminal case filings per judgeship in the Central District of Illinois was 493 cases (1,971 pending cases and four judgeships) with a median time from filing to disposition of 10.7 months for a civil case. The median time from filing to trial in civil cases was 37 months.

In the Southern District, the civil and criminal filings per judgeship was 469 (1,877 pending cases and four judgeships) with a median time from filing to disposition of 29.7 months in a civil case. The median time from filing to trial in civil cases was 37.3 months. The only significant difference between the statistics in the two districts is the median time from filing to trial in civil cases. Therefore, this factor only slightly favors the Central District.

The second factor—each court's relative familiarity with the relevant law—is a neutral factor. The parties do not identify the State law that should apply to the policy. Because both districts are in the same state, however, either district would be familiar with the relevant law. Therefore, this factor is neutral.

The final factors—the respective desirability of resolving controversies in each locale and the relationship of each community

to the controversy—are also neutral.  Both districts have an interest in the controversy.

Considering all of the factors, the Court finds that the Schmelzers have failed to show that transfer to the Southern District of Illinois is clearly more convenient or in the interest of justice.  The relevant factors are largely neutral or slightly favor denying transfer.  Plaintiff has chosen this forum, and this forum is not unduly inconvenient to the defendants or adverse to the interest of justice.  Moreover, this forum has an interest in the litigation in light of two of the defendants being located here and the issuance of the policy in this district.  For all of these reasons, transfer is not warranted.

## IV. CONCLUSION

For the reasons stated, the Motion to Dismiss or, in the Alternative, to Transfer Action (d/e 29) filed by Defendants Stevan Schmelzer and Shelly Schmelzer is DENIED.

**ENTER: February 21, 2017**

**FOR THE COURT:**

                        **s/Sue E. Myerscough**
                        **SUE E. MYERSCOUGH**
                        **UNITED STATES DISTRICT JUDGE**